[No. 1103-3.    Division Three.    January 23, 1976.]

Roger R. Rutcosky, *Appellant,* v. Board of Trustees of Community College District No. 18, et al, *Respondents.*

*Dana C. Madsen* and *Fredrickson, Maxey, Bell & Allison, Inc., P.S.,* for appellant.

*Slade Gorton, Attorney General,* and *John E. Lamp* and *James C. Kaiser, Assistants,* for respondents.

McInturff, C.J.—Roger Rutcosky, a former employee of Big Bend Community College (Big Bend), appeals from an

adverse judgment in his action for breach of an employment contract and wrongful dismissal.

We are asked on this appeal to decide, first, whether there existed sufficient cause to justify the dismissal of Mr. Rutcosky by Big Bend, and second, whether Mr. Rutcosky was accorded the protections of procedural due process of law in his dismissal. The due process issues include the adequacy of notice, hearing, and authority in the Big Bend representative to terminate Mr. Rutcosky. However, we find it impossible to reach the merits of these issues because Mr. Rutcosky has failed to properly invoke administrative and judicial review as provided for in RCW 28B.19.010 *et seq.*, the State Higher Education Administrative Procedure Act.

In reaching our decision, we find the following facts and dates relevant. From 1970 to June 30, 1972, Mr. Rutcosky was employed by Big Bend in various probationary faculty positions, including teacher and counselor.[1] Though the employment status of Mr. Rutcosky as a probationary faculty member may have expired prior to June 30, 1972, through rescission or modification of his employment contract, we deem it sufficient for purposes of the present inquiry to note that Mr. Rutcosky's faculty status definitely terminated on June 30, 1972, by the express terms of that employment contract. After expiration of his probationary faculty position on June 30, 1972, Mr. Rutcosky was to continue for another year in the employ of Big Bend solely as an administrative appointee, pursuant to a separate contract signed the previous year.[2] On this same critical date, June 30, 1972, Mr. Rutcosky was dismissed by a representative of Big Bend for alleged misconduct. Mr. Rutcosky

[1]RCW 28B.50.851(3) provides: " 'Probationary faculty appointment' shall mean a faculty appointment for a *designated period of time* which may be terminated without cause upon expiration of the probationer's terms of employment;" (Italics ours.)

[2]RCW 28B.50.851(5) provides: " 'Administrative appointment' shall mean employment in a specific administrative position as determined by the appointing authority;"

waited 1 year, until June 18, 1973, to seek review of his dismissal.

██ Administrative procedures governing institutions of higher education are set forth in RCW 28B.19.010 *et seq.* and provide for administrative and judicial review of the dismissal of a college employee where a formal administrative hearing was requested within the stated time limit. RCW 28B.19.110 (2) provides in pertinent part:

> Any person who is charged with an offense potentially punishable by suspension, or termination . . . (c) who deems himself aggrieved by the disposition of any *contested case* following an *informal proceeding* . . . may have charges against him adjudicated in a formal hearing . . . *Provided, That any request for a formal hearing is directed to the president of the institution or his designee* . . . (iii) *within ten days after conclusion of the informal proceeding and notice of the final decision to the party charged with an offense.*

(Italics ours.) By its terms, this quoted section is applicable only to a contested case. RCW 28B.19.020 (3) defines a contested case as including an "informal proceeding before [a] . . . representative [of an institution of higher education] in which an opportunity for hearing is required by law, constitutional rights, or institutional policy, . . ." Because plaintiff was dismissed by a representative of Big Bend, and is granted an opportunity for hearing by state law and constitutional due process,[3] this is a contested case.

RCW 28B.19.110 (2), quoted above, also requires that there be a prior informal proceeding. The dismissal procedure at Big Bend is a simple delegation of discretionary power to hire and fire, and is not an involved undertaking.[4]

---

[3]RCW 28B.19.110; *Goss v. Lopez,* 419 U.S. 565, 42 L. Ed. 2d 725, 95 S. Ct. 729, 735 (1975). *See Board of Regents v. Roth,* 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972).

[4]RCW 28B.50.140 provides in pertinent parts:
"Each community college board of trustees:
" . . .
"(3) Shall employ . . . members of the faculty and such other

Mr. Rutcosky was ordered by a Big Bend representative to cease in certain misconduct, but responded that he intended "to do what he felt necessary." He was immediately notified by letter of his dismissal, effective June 30, 1972, with reasons stated. This dismissal procedure is an informal proceeding, making the statutory review procedure of RCW 28B.19.110(2) applicable and controlling.

To invoke administrative or judicial review of his dismissal, Mr. Rutcosky was required by RCW 28B.19.110(2) to make a request for a formal hearing within 10 days after his dismissal. Mr. Rutcosky waited 1 year to request review. Because a formal hearing was not timely requested, further administrative and judicial review of the dismissal is barred. This time limit is mandatory and jurisdictional.[5]

Mr. Rutcosky also cites those review procedures in RCW 28B.50.850 through .869 applicable to the dismissal of a faculty member, and assigns error to the failure of Big Bend to observe these procedures in his dismissal. However, Mr. Rutcosky was not a faculty member, at the time of his dismissal, making these review procedures inapplicable.

RCW 28B.50.863 requires that certain procedures be observed in the dismissal of a tenured faculty member, or a probationary faculty member who holds an unexpired term

administrative officers and other employees as may be necessary or appropriate and fix their salaries and duties;

". . .

"(14) May, by written order filed in its office, delegate to the president or district president any of the powers and duties vested in or imposed upon it by this chapter.

"(15) May perform such other activities consistent with this chapter and not in conflict with the directives of the college board;"

WAC 132R-12-010(2) provides in pertinent part:

"The president of Big Bend Community College is delegated authority by written order of the board of trustees to terminate, suspend, reduce or demote any classified employee at Big Bend Community College without the prior approval of the board of trustees."

[5]*Rust v. Western Washington State College*, 11 Wn. App. 410, 415, 523 P.2d 204 (1974); *see* RCW 28B.19.150(1).

of employment.[6] Mr. Rutcosky was never affirmatively awarded tenure, nor employed for an indefinite period within the definition of tenured faculty;[7] nor can it be said that Mr. Rutcosky held an unexpired probationary faculty position on June 30, 1972, the effective date of his dismissal. Mr. Rutcosky's final probationary faculty position expired by the terms of that contract on the day of his dismissal.

Judgment of the Superior Court is affirmed.

GREEN and MUNSON, JJ., concur.

Petition for rehearing denied March 2, 1976.

Review denied by Supreme Court May 25, 1976.

---

[6] RCW 28B.50.863 provides in pertinent part:

"Prior to the dismissal of a tenured faculty member, or a faculty member holding an unexpired probationary faculty appointment, the case shall first be reviewed by a review committee."

[7] RCW 28B.50.851 provides:

"(1) 'Tenure' shall mean a faculty appointment for an indefinite period of time which may be revoked only for adequate cause and by due process;"

RCW 28B.50.856 provides in pertinent part:

". . . Provided, That the final decision to award or withhold tenure shall rest with the appointing authority, after it has given reasonable consideration to the recommendations of the review committee."

WAC 132R-128-080 provides:

"(1) Upon receiving the various recommendations regarding the award or nonaward of tenure . . . the board of trustees shall, before its regular March meeting, examine the records of the probationer or probationers so referred to them and give reasonable consideration to the recommendation of the review committee as to the award or nonaward of tenure on the nonrenewal of a contract to said probationer or probationers."