[No. 4733-1.    Division One.    November 8, 1976.]

CHRISTOPHER G. BARBO, *Petitioner*, v. NOOKSACK VALLEY
SCHOOL DISTRICT NO. 506, ET AL, *Respondents.*

*Cogdill & Deno* and *W. Mitchell Cogdill,* for petitioner.

*John T. Slater,* for respondents.

FARRIS, J.—Christopher Barbo appeals from a summary dismissal of his action to reverse the Nooksack Valley School District No. 506's nonrenewal of his teaching contract. We reverse.

The facts are not in dispute. On April 9, 1976, Barbo was notified that his certificated employment contract for the following school year would not be renewed. The letter of notification was signed by the school superintendent, as secretary of the board of directors, and informed Barbo of his statutory options in appealing the nonrenewal.

On April 16, 1976, Barbo filed a summons and notice of appeal in the Whatcom County Superior Court. That same day process was served upon the chairman of the board of directors of the school district. On April 29, 1976, the school district moved to dismiss the appeal for the reason that notice had not been served upon the "clerk" of the school district within the 10-day period as required by RCW 28A.58.515. The motion was granted. Barbo appeals.

RCW 28A.58.515 defines the requirements for a trial

court to obtain jurisdiction of an appeal from a ruling of the school district. Barbo did not comply with the statute in that he failed to serve his pleadings upon the "clerk" of the school district. The dismissal would therefore be affirmed on appeal but for the fact that the record affirmatively shows that there was no clerk of the school district.

The school district argues that a plain reading of the legislative history of the education code and an analysis of the duties legislatively assigned to a "secretary" and a "clerk" reveal that the positions are basically synonymous. Nothing in the record, however, indicates that the secretary is the clerk for the purpose of receiving notice as required by RCW 28A.58.515. In fact, the record affirmatively shows that no clerk had ever been designated or appointed.

We reject the invitation to follow the reasoning of the school district which has the effect of penalizing an appellant for failing to do that which the district's preceding failure had rendered impossible. On the other hand, we cannot decree jurisdiction when its requirements are specifically defined by statute and the mandate of the statute is not met. See *Rutcosky v. Board of Trustees of Community College Dist. 18*, 14 Wn. App. 786, 545 P.2d 567 (1976); *Rust v. Western Washington State College*, 11 Wn. App. 410, 523 P.2d 204 (1974). We hold, therefore, that the failure of the school district to appoint or designate a clerk tolls the 10-day requirement of RCW 28A.58.515 until a clerk is appointed or designated. See generally *Seamans v. Walgren*, 82 Wn.2d 771, 514 P.2d 166 (1973). See also *Bethel v. Sturmer*, 3 Wn. App. 862, 479 P.2d 131 (1970). Barbo must thereafter file his action with the clerk of the school district.

We note that the president of the school district delivered the notice of appeal and summons to the superintendent within the 10-day period but we do not determine the legal effect of that act since the superintendent had not been designated or appointed clerk.

The award of attorney's fees and costs to an "employee" seeking redress under the provisions here scrutinized is

discretionary by statute, RCW 28A.58.490. Under the circumstances here, we make no award of attorney's fees.

Reversed and remanded.

WILLIAMS, C.J., and ANDERSEN, J., concur.

Petition for rehearing denied February 28, 1977.

Review denied by Supreme Court July 27, 1977.