[No. 3301-3.   Division Three.   December 13, 1979.]

S. M. JAMEEL HASAN, *Appellant,* v. EASTERN WASH-
INGTON UNIVERSITY, ET AL, *Respondents.*

*William J. Powell* and *Powell & Harnetiaux,* for appellant.

*Slade Gorton, Attorney General,* and *John E. Lamp, Jr.,* and *David A. Saraceno, Assistants,* for respondents.

GREEN, C.J.—This action seeks a declaratory judgment construing a regulation governing Eastern Washington University's faculty grievance procedure. The trial court dismissed the action on the ground that it lacked jurisdiction to render a judgment because plaintiff had failed to exhaust his administrative remedies. Plaintiff appeals from the dismissal and from the court's refusal to grant his motion for summary judgment.

S. M. Jameel Hasan has served as an associate professor of management at Eastern Washington University since 1969. In the fall of 1976, the University notified him that he was eligible for promotion to the rank of full professor. Hence, he submitted a dossier of his qualifications for that rank to the promotions committee of the School of Business Administration. On May 26, 1977, plaintiff was informed that he had been passed over for promotion. He questioned whether the promotions committee had properly applied the criteria set forth in the University's bylaws

when it evaluated his application. Accordingly, he invoked the University grievance procedure.

In its bylaws, the University adopts the procedure outlined in Washington Administrative Code, chapter 172–129, for the resolution of faculty grievances. Under WAC 172–129–100:

> (1) . . . The grievant(s) shall first take up the . . . complaint directly with the . . . committee responsible for the challenged . . . decision . . .
>
> (2) . . . If the grievance is not adjusted to the satisfaction of the grievant at . . . [that] level . . . he may refer his grievance to the [appropriate] administrator . . .
>
> (a) Level I. . . . A written decision . . . shall . . . be delivered to the grievant . . . [and] shall contain the findings and recommendations made by the appropriate . . . administrator.
>
> (b) Level II. If the grievance is not adjusted to the satisfaction of the grievant at Level I, he may within ten days . . . refer his grievance to the chairman of the Faculty Appeals Committee . . . A panel of . . . the . . . Committee shall then conduct a formal hearing within ten days . . . A written decision shall be delivered to the grievant by the committee and to the president within five days after the conclusion of the formal hearing; such decision shall contain the Committee's findings and recommendations.
>
> (c) Level III. If the grievance is not adjusted to the satisfaction of the grievant at Level II, he may within ten days . . . refer his grievance to the president of the college . . . [whose] decision . . . shall be deemed a final adjudication of the grievance for the purposes of these rules.

Here, the plaintiff proceeded through Level I of this procedure. On July 29, 1977, the Level I administrator found:

> [T]here is very strong evidence to indicate that Professor Jameel Hasan should have been awarded additional evaluation points in the three criteria categories of *Teaching Effectiveness, Professional Activities,* and *Contributions to the College, School and Department.* Such evidence indicates that significant computational and procedural errors and omissions have occurred that could significantly increase the promotion evaluation points assigned

to Professor Hasan. It is also my judgment that there is a strong probability that such evaluation points would be sufficient to raise Professor Hasan into the top three ranking of candidates for Full Professor.

(Three full–time promotions were allotted to the School of Business and Administration that year.) However, the administrator further found that he had no authority to reverse the decision of the promotions committee, and that it was for the plaintiff to proceed to the Level II stage.

On August 3, the plaintiff attempted to file a grievance review request form with the Faculty Appeals Committee, Level II of the grievance process. He was told that the committee would not be formed until September 25. Therefore, he submitted his request for review on September 30. At that time, appointment of the members of the Faculty Appeals Committee had not been completed nor had it been completed by November 7. On that date plaintiff petitioned the president of the University who suggested that he contact the chairman of the Faculty Appeals Committee and reactivate his appeal. The failure to appoint the committee members was a violation of WAC 172–129–060(4), which requires that the committee meet in a body no later than September 25. The only communication plaintiff has had from the Faculty Appeals Committee is a note from its vice–chairman on January 19, 1978, stating that the materials he had submitted to the committee had been misplaced and asking that he resubmit his dossier in triplicate.

Plaintiff filed this action for declaratory relief on May 8, 1978. After a hearing, the trial court concluded that the Level I hearing administrator did not have the authority to make a final adjudication of the dispute. The court further held that it lacked jurisdiction because plaintiff had not exhausted his administrative remedies by proceeding through Levels II and III. In the trial court's view, a writ of mandamus was the appropriate action to compel the University to proceed with the Level II hearing.

■■ First, plaintiff contends that WAC 172–129–100, properly construed, does not require him to appeal the Level I hearing administrator's decision to Levels II and III. We agree. The regulation states:

[2](b) . . . *If the grievance is not adjusted to the satisfaction of the grievant at Level I,* he may . . . refer his grievance to the chairman of the Faculty Appeals Committee . . .

(Italics ours.) This regulation does not require every grievant to proceed through all three hearing levels. Rather, the plain language of the regulation provides for an appeal *only* by those persons who are dissatisfied by the recommendations made at the lower level. Here, the Level I recommendations were favorable to the plaintiff, and therefore, he was not required to proceed to Level II.

The question, then, is whether the Level I recommendations are final or whether they must be referred to one who has final authority. In common usage, a recommendation is not a final decision. It is apparent that "recommendation" as used in WAC 172–129–100(2)(a) was not intended to have a broader meaning than that ordinarily given the word. WAC 172–129–100(2)(c) expressly grants the authority to make a final decision to the University's president. No similar expression is found in reference to the recommendations made at Levels I and II. We conclude that the terms "recommendation" and "final decision" as used in the regulation are not synonymous. When finality is desired, that term is used. If the writers of the regulation had intended to vest the Level I administrator with final decisional authority, they would have done so by express language. *Cf. Dominick v. Christensen,* 87 Wn.2d 25, 27, 548 P.2d 541 (1976); *Roth v. Bell,* 24 Wn. App. 92, 98, 600 P.2d 602 (1979). Hence, the Level I administrator's findings are not final; they are only recommendations.

The next question is: To whom should these recommendations be submitted for final decision? The only person having final decisional authority under WAC 172–129–100

is the president of the University. He is the person ultimately responsible for seeing that the promotions committee acts according to the bylaws. RCW 28B.35.390.[1] The president has the authority, subject to the approval of the Board of Trustees of the University, to promote plaintiff if he is convinced that plaintiff would have won a promotion but for the alleged errors. Bylaws, 310.10.23,[2] 403.40.63.[3] Consequently, the Level I recommendation in this case should be submitted to the president for prompt disposition.

Second, plaintiff asserts that the University, because of the time it has allowed to elapse without taking any action on the Level I recommendation, has either waived its right to have a final determination made by its president or is equitably estopped from asserting that right.

■ Estoppel or waiver may be applied against a political entity "when necessary to prevent a manifest injustice and the exercise of its governmental powers will not be impaired thereby." *Finch v. Matthews,* 74 Wn.2d 161, 175, 443 P.2d 833 (1968); *West v. Department of Social & Health Servs.,* 21 Wn. App. 577, 579, 586 P.2d 516 (1978). Assuming the facts are sufficient to establish either estoppel or waiver, plaintiff must show that he will suffer a manifest injustice if the University's president is now permitted to consider and possibly reject the recommendation of the Level I administrator.

---

[1]RCW 28B.35.390 reads:

"The president . . . shall have general supervision of the university and see that all laws and rules of the board of trustees are observed."

[2]Section 310.10.23 of the University's bylaws states: "The President shall recommend to the Board of Trustees all salary and promotions actions . . ."

[3]The bylaws provide, at section 403.40.63 that: "The President has the right to promote any faculty member at any time subject to approval of the Board of Trustees."

We do not find the requisite manifest injustice here. Plaintiff has remained employed by the University, and, if he is successful in the pursuit of his grievance, his promotion will be awarded retroactively. We do not condone the failure of the University to act on the recommendation within a reasonable time, as required by WAC 172–129–100(1).[4] However, the unsupported allegation that plaintiff's case has grown "stale" because of the long delay is not proof of a manifest injustice. Similarly, a manifest injustice is not established by the fact that the University has lost certain documents which support plaintiff's position, absent a showing that these papers cannot be replaced with another copy.

*Rust v. Western Wash. State College,* 11 Wn. App. 410, 523 P.2d 204 (1974); and *Rutcosky v. Board of Trustees,* 14 Wn. App. 786, 545 P.2d 567 (1976), cited by plaintiff, are distinguishable. In *Rust* and *Rutcosky,* the court held that the time limit contained in RCW 28B.19.110 for a plaintiff to *request* a hearing is jurisdictional. Here, we are dealing with the president's duty to *accord* plaintiff prompt action on the recommendation. A breach of that duty does not automatically deprive the president of jurisdiction. Mandamus is available to a plaintiff in those situations where a public official refuses to act.

Thus, the trial court erred in construing the regulation to require plaintiff to proceed through Levels II and III. The trial court's order dismissing the action for declaratory relief for failure to exhaust administrative remedies was superfluous inasmuch as the court granted the relief sought, *i.e.,* construction of the regulation.

---

[4]WAC 172–129–100(1) provides:
"The resolution of grievances shall be accomplished as rapidly as possible."

The parties shall proceed administratively in accordance with the construction given the regulation in this opinion.

MUNSON and MCINTURFF, JJ., concur.