[No. 11753–0–I.  Division One.  December 30, 1982.]

THE CITY OF SEATTLE, *Respondent,* v. JOHN JARRETT, ET AL, *Appellants.*

526

*Gilbert Levy* and *Doherty & Levy* (*Arthur Wells* and *Wells & Chesney, P.S.,* of counsel), for appellants.

*Douglas N. Jewett, City Attorney,* and *Rodney Eng, Assistant,* for respondent.

WILLIAMS, J.—Elizabeth McLaren, Kenneth Moore, John Jarrett and Glenn Martin were all charged in municipal court with knowingly being employed in or conducting business relating to a body studio. McLaren and Moore were additionally charged with permitting lewd acts in a public place. A jury returned guilty verdicts on all counts. A superior court trial de novo on stipulated evidence resulted in the court entering guilty findings on all counts. In their appeal, the defendants question the constitutionality of the ordinances under which they were convicted and the sufficiency of the evidence. We affirm.

Except that different parties are involved and the sexual activity in this case is less explicit, the facts are essentially the same as those reported in *Curtis v. Seattle,* 97 Wn.2d 59, 60–62, 639 P.2d 1370 (1982).

Seattle's lewd conduct ordinance provides in pertinent part:

> B. A person is guilty of lewd conduct if he intentionally performs any lewd act in a public place or at a place and under circumstances where such act could be observed by any member of the public.
>     . . .

D. This section shall not be applied to artistic or dramatic performances in a theater or a museum.

Seattle Municipal Code (S.M.C.) 12A.10.070.

■ The first question is whether the trial court properly found that the admittedly lewd conduct engaged in by McLaren and Moore transpired in a "public place or at a place and under circumstances where such act[s] could be observed by any member of the public." The evidence showed that any member of the public could enter the Temple simply by signing a membership card, no identification was required, any name would do. The absence of substantive entry restrictions made the Temple a "building open to the general public" which was, by definition, a "public place." S.M.C. 12A.10.010(A)(3); *Seattle v. Buchanan,* 90 Wn.2d 584, 584 P.2d 918 (1978). The trial court's finding was correct.

The next question is whether the trial court properly found that the acts engaged in by Moore and McLaren were not part of an "artistic or dramatic performance in a theater". *See* S.M.C. 12A.10.070(D). Because the premises in this case are the same as those in *Curtis v. Seattle, supra,* the holding in that case, that "the Temple is not a theater," controls. *Curtis,* at 64. The statutory exemption (D) does not apply to these parties.

The next question is whether the lewd conduct ordinance is unconstitutionally overbroad. It is not. *Curtis v. Seattle, supra; Seattle v. Buchanan, supra.*

■ The next question is whether the lewd conduct ordinance is unconstitutional as applied to McLaren and Moore because it does not exempt from its purview behavior which is religious, scientific or educational. Because McLaren and Moore have not sufficiently demonstrated that their actions were religious, scientific, or educational in nature, the statute is not unconstitutional as applied to them. *State v. McCarter,* 91 Wn.2d 249, 253, 588 P.2d 745 (1978); *State v. Lundquist,* 60 Wn.2d 397, 401, 374 P.2d 246 (1962).

The next question is whether Seattle's body studio ordinance is unconstitutionally overbroad. It is not. *Curtis v.*

*Seattle, supra.*

The next question is whether the body studio ordinance applies to situations where fee–paying participants observe, rather than participate in, lewd behavior. The ordinance prohibits conducting business in a premises which, for a fee, allows for "the opportunity to paint, massage, feel, handle, or touch the unclothed body or an unclothed portion of the body of another person . . . *or to observe, view or photograph any such activity . . .*" (Italics ours.) S.M.C. 12A.10.080(A). The activities taking place within the Temple of Venus fall squarely within this prohibition. *See Curtis,* at 60–62.

The final question is whether the decision in *Curtis v. Seattle, supra,* created a new element of the crime of operating a body studio, specifically, whether it is now necessary for the City to prove that the prohibited conduct was not incidental to a protected form of expression. In *Curtis,* the Supreme Court, construing the body studio ordinance to be constitutional, said that the ordinance does not apply to situations where the prohibited activity is only incidental to other protected forms of expression. *Curtis,* at 65. In proving what transpired in the Temple the City supplied the necessary evidence that the conduct was not incidental to a legitimate artistic or dramatic performance taking place in a theater. *Curtis v. Seattle, supra.*

The judgments are affirmed.

ANDERSEN, C.J., and SWANSON, J., concur.