[Nos. 11639–8–I; 11640–1–I.   Division One.   August 15, 1983.]

PLAYHOUSE CORPORATION, *Appellant,* v. THE LIQUOR CONTROL BOARD, *Respondent.*

*Matson & Scott* and *Daniel T. Scott,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Paul D. Solomon, Assistant,* for respondent.

WILLIAMS, J.—In two separate actions, the Washington State Liquor Control Board filed complaints alleging that

the Playhouse Corporation violated certain provisions of the Washington Administrative Code by allowing lewd and obscene activities in its licensed tavern. In both cases, following extended administrative proceedings, the Board entered a final order sustaining the allegations in the complaint. Both Board decisions were upheld in superior court. Playhouse appealed in each instance and the appeals were consolidated by order of this court. Three issues are raised in this consolidated appeal: (1) whether the prehearing delay in each case deprived Playhouse of due process of law requiring the complaints be dismissed; (2) whether WAC 314–16–125(1)–(5) is unconstitutional under article 1, section 5 of the Washington State Constitution; and (3) whether the conduct of the Board's investigating officers was so violative of due process of law that the complaints must be dismissed. We affirm.

The first question is whether a delay of about 9 months in each case before the Board's administrative hearings were held denied Playhouse due process of law. Playhouse argues that the Board's explanation for the delays, that the cases got "lost in the shuffle," demonstrates that they were unusual and unfair.

Although WAC 314–04–010(3) provides that a hearing "shall be held as soon as feasible" following the issuance of a citation, the regulation does not require the same strict adherence to arbitrary time limits as CrR 3.3 does in criminal cases. *See State v. Darden,* 99 Wn.2d 675, 663 P.2d 1352 (1983). A governmental entity may be estopped from performing its function only when it is "necessary to prevent a *manifest injustice* and the exercise of its governmental powers will not be impaired thereby." *Finch v. Matthews,* 74 Wn.2d 161, 175, 443 P.2d 833 (1968); *Hasan v. Eastern Wash. Univ.,* 24 Wn. App. 829, 834, 604 P.2d 191 (1979). To be entitled to relief, a party must show that it will suffer "manifest injustice" if the government is allowed to proceed. *Hasan,* at 834. An unsupported allegation that a case has grown "stale" because of the delay is not proof of manifest injustice. *Hasan,* at 835. Playhouse

was cited for the infractions a few days after they occurred, was fully capable of presenting its case at the hearings, and suffered no "manifest injustice" as a result of the delays. Dismissal of the complaints was not warranted.

The next question is whether the administrative provisions which Playhouse was found to have violated, WAC 314–16–125(1)–(5), unconstitutionally infringe on the right to free expression guaranteed by the state constitution, which provides:

> Freedom of Speech. Every person may freely speak, write and publish on all subjects, being responsible for the abuse of that right.

Const. art. 1, § 5.

■ Obscenity and lewd conduct are not protected by the First Amendment, *Seattle v. Marshall,* 83 Wn.2d 665, 671, 521 P.2d 693 (1974), or by the "inferentially interchangeable" provisions of Const. art. 1, § 5. *See Fine Arts Guild, Inc. v. Seattle,* 74 Wn.2d 503, 512, 445 P.2d 602 (1968). WAC 314–16–125(1)–(5) prohibit the actual or simulated performance of various sexual acts and are designed to regulate obscene and lewd conduct.[1] Because the provisions do

---

[1] In pertinent part, WAC 314–16–125 provides:

"Suggestive, lewd and/or obscene conduct on licensed premises. The following acts or conduct on licensed premises are prohibited:

"(1) To employ or use any person in the sale or service of alcoholic beverages in or upon the licensed premises while such person is unclothed or in such attire, costume or clothing as to expose to view any portion of the breast below the top of the areola or of any portion of the pubic hair, anus, cleft of the buttocks, vulva or genitals.

"(2) To employ or use the services of any hostess or other person to mingle with the patrons while such hostess or other person is unclothed or in such attire, costume or clothing as described in subsection (1) above.

"(3) To encourage or permit any person on the licensed premises to touch, caress or fondle the breasts, buttocks, anus or genitals of any other person.

"(4) To permit any employee or person to wear or use any device or covering, exposed to view, which simulates the breast, genitals, anus, pubic hair or any portion thereof.

"(5) To permit any person to perform acts of or acts which simulate:

"(a) Sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual acts which are prohibited by law.

not regulate protected behavior, they are not in conflict with the state constitution. *Seattle v. Marshall, supra. See also Seattle v. Buchanan,* 90 Wn.2d 584, 584 P.2d 918 (1978), *Curtis v. Seattle,* 97 Wn.2d 59, 639 P.2d 1370 (1982), and *Seattle v. Jarrett,* 33 Wn. App. 525, 655 P.2d 1209 (1982) (upholding city ordinance prohibiting similar conduct in a public place against constitutional challenges).

The next question is whether the investigating officers' conduct was so violative of due process that the complaints should be dismissed, Playhouse arguing that the officers' conduct was so "shocking to the conscience" that this extreme remedy is warranted. The conduct referred to was the following: (1) the officers purchased "table dances" with public funds; (2) the officers did not identify themselves as Board investigators to the tavern's management; and (3) the officers did not inform the tavern's management of the violations prior to initiating the complaint.

■ Principles of due process prevent the government from invoking judicial processes when its tactics in gathering evidence violate fundamental fairness or are shocking to the universal sense of justice. *Ker v. California,* 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623 (1963); *State v. Jessup,* 31 Wn. App. 304, 313, 641 P.2d 1185 (1982). Deceitful practices falling short of this standard, including the use of undercover agents and limited police participation in unlawful enterprises, are not constitutionally prohibited. *State v. Jessup, supra.*

The officers who investigated the Playhouse Tavern did not engage in any illegal activities. Their conduct cannot be accurately characterized as "shocking to the universal sense of justice". *State v. Emerson,* 10 Wn. App. 235, 241, 517 P.2d 245 (1973). Playhouse's policy arguments are better addressed to the Legislature. *State v. Emerson, supra,* at 243 (Williams, J., concurring).

---

"(b) The touching, caressing or fondling of the breast, buttocks, anus or genitals.

"(c) The displaying of the pubic hair, anus, vulva or genitals."

Affirmed.

SWANSON and CALLOW, JJ., concur.