[No. 5976–6–III.   Division Three.   December 4, 1984.]

WALTER A. HITCHCOCK, *Appellant,* v. THE DEPARTMENT OF RETIREMENT SYSTEMS, ET AL, *Respondents.*

*Bruce D. Corker* and *Perkins, Coie, Stone, Olsen & Williams,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Donald F. Cofer, Assistant,* for respondents.

THOMPSON, J.—In 1980, after nearly 40 years of service in the public school system, Walter Hitchcock retired as superintendent of Spokane School District 81 and applied for retirement benefits with the Department of Retirement Systems. Retirement benefits are calculated on a percent-

age of the retired employee's average earnable compensation during the two highest compensated consecutive years of service. RCW 41.32.497, .498. In Dr. Hitchcock's case, the Department excluded payments which were designated in his employment contract as being "in lieu of transportation and local expenses". This appeal challenges the propriety of the Department's determination. We reverse.

The undisputed facts and findings of the agency are: In 1972, Dr. Hitchcock was hired as superintendent by the Board of Directors of Spokane Public Schools. Payments in lieu of transportation, in addition to those in lieu of health insurance, were added to his contract of employment after his initial salary was negotiated. The amounts in lieu of transportation were included instead of providing Dr. Hitchcock with an automobile, which had been provided to his predecessor. The school board negotiated a lump sum amount based on the concern that requiring Dr. Hitchcock to account for actual transportation expenses would inhibit his image and attendance at meetings or conferences within the district. The payments were not, however, calculated on the basis of his actual expenses and he never submitted an accounting of his expenses as required by RCW 28A.58.310 and RCW 43.03.150–.210. In subsequent contracts the payments were increased proportionately as his base salary was increased.

His total salary, including the "in lieu of" payments, was reported as wages and salary to the IRS for tax purposes. Retirement contributions were also withheld based on the total amount.

Prior to Dr. Hitchcock's retirement, the Department generally did not challenge salary figures reported by the school district for computing retirement benefits, but included them as earnable compensation. In 1975, Dr. Hitchcock requested a calculation of his potential retirement benefits from Robert Reiley, who was then assistant director of the Department and was in charge of advising members of their benefits. Mr. Reiley advised Dr. Hitchcock that those portions of his contract labeled "in lieu of

transportation expenses" would be included in earnable compensation, "since they were part of the determination by the school district of the payment for services."[1] He sent Dr. Hitchcock an estimate of retirement benefits to "assist [Dr. Hitchcock] in planning [his] retirement at some time in the future" based on a total salary which included the payments in lieu of transportation expenses. Dr. Hitchcock's employment contract for the last 3 years of employment listed the "in lieu of" payments as part of his total salary.

In the last year of employment, Dr. Hitchcock received a dramatic increase in salary, which prompted the Department to review the superintendent's application for retirement benefits. An audit revealed no irregularities in the employment contract for contributions to the retirement system. Nonetheless, the Department excluded the payments in lieu of transportation from his earnable compensation for determining retirement benefits.

At an agency hearing, members of the school board testified the payments in lieu of transportation were intended to be included as part of his total salary for calculating retirement benefits. Dr. Hitchcock testified Mr. Reiley's representations concerning his retirement benefits were one of the considerations in his decision to retire. He maintained the Department was estopped from calculating his benefits in a manner contrary to its prior practices and the representations of Mr. Reiley.

At the close of the evidence, the director of the Department found the amounts in lieu of transportation were not intended by the district to be payment for personal services, that to the contrary they were reimbursement for expenses reasonably related to such expenses; hence, they were not includable as earnable compensation within the meaning of RCW 41.32.010(11). The director concluded the

---

[1] At that time, earnable compensation was defined as "all salaries and wages paid by an employer to an employee member of the retirement system for *personal services* rendered during a fiscal year." (Italics ours.) RCW 41.32.010(11).

Department was not estopped by Mr. Reiley's representations from excluding those payments in computing retirement benefits. On appeal to the Superior Court, the director's determination was affirmed.

The primary issues are whether payments in lieu of transportation should have been included in Dr. Hitchcock's salary when computing his retirement benefits and whether the Department is estopped from excluding them.

Appellate review, whether conducted by the superior court, Court of Appeals, or Supreme Court, is limited to the record of the administrative tribunal itself. *Franklin Cy. Sheriff's Office v. Sellers,* 97 Wn.2d 317, 323–24, 646 P.2d 113 (1982), *cert. denied,* 459 U.S. 1106 (1983).

In determining the scope of this court's review, it is necessary to characterize the issues. *Sellers,* at 322–30, establishes the rules applicable to the three types of reviewable issues: issues of fact, issues of law, and mixed issues of law and fact.

Out of deference for specialized expertise, agency findings of fact will be upheld under the "clearly erroneous" standard of RCW 34.04.130(6)(e) unless the court's review of the entire record leaves it with the definite and firm conviction that a mistake has been made. *Renton Educ. Ass'n v. Public Empl. Relations Comm'n,* 101 Wn.2d 435, 440, 680 P.2d 40 (1984);[2] *Franklin Cy. Sheriff's Office v. Sellers, supra.* The error of law standard in RCW 34.04-.130(6)(d) applies to questions of law and allows the reviewing court to independently substitute its judgment for that of the agency, though substantial weight is accorded the agency's view of the law. *Sellers,* at 325–26.

In an appeal involving a mixed question of law and fact, the court does not try the facts de novo, but determines the law independently of the agency's decision and applies it to

---

[2]We note language in *Schuh v. Department of Ecology,* 100 Wn.2d 180, 184, 667 P.2d 64 (1983), which indicates a narrower "substantial evidence" test may be applicable to the agency's findings. The more recent *Renton* case applies the clearly erroneous test, however.

the facts as found by the agency unless clearly erroneous. *Renton*, at 441.

The director's determination that the payments at issue do not fall within the statutory term "earnable compensation" presents a mixed question of law and fact. The finding of intent is a factual determination of the purpose for which the payments in lieu of transportation were made.[3] Finding that the district did not intend that the payments be for personal services, the agency then determined that the payments were outside the definition of the statutory term "earnable compensation", *i.e.*, the legal consequences of the factual determination of intent. Under this analysis, and balanced by the policy that pension legislation is to be liberally construed in favor of its intended beneficiaries, *Hanson v. Seattle*, 80 Wn.2d 242, 247, 493 P.2d 775 (1972), we hold the factual component of this mixed question to be clearly erroneous based on the evidence of the board's intent and the actual treatment of the payments by the parties. The Department's exclusion of these particular payments in lieu of fringe benefits from the statutory definition is an error of law. The lump sum, salary–type character of the payments is more reasonably related to payment for services rendered.

■ The retirement statute, RCW 41.32, authorizes the Department to "decide on all questions of eligibility covering membership, service credit and benefits", RCW 41.32-.160. Benefits are determined on the basis of earnable compensation which is defined as "all salaries and wages paid by an employer . . . for personal services rendered . . .", RCW 41.32.010(11). The Department's authority to determine earnable compensation, however, could not impinge upon a contractual relationship with the employee

---

[3]Although Dr. Hitchcock did not designate a specific finding as error, the nature of the challenge is clear in assignment of error 2, and the challenge to the finding is extensively discussed in the appellate brief. A technical violation of RAP 10.3(g) will not bar appellate review, *State v. Williams*, 96 Wn.2d 215, 220, 634 P.2d 868 (1981); *Daughtry v. Jet Aeration Co.*, 91 Wn.2d 704, 592 P.2d 631 (1979).

which creates the expectation of deferred benefits. *See Washington Fed'n of State Employees, Coun. 28 v. State,* 101 Wn.2d 536, 541, 682 P.2d 869 (1984) (reviewing cases). Such a relationship may arise by estoppel. That doctrine is employed to prevent a manifest injustice where there has been an admission, statement, or act which has been relied upon to the employee's injury because of an inconsistent claim thereafter asserted. *Beggs v. Pasco,* 93 Wn.2d 682, 689, 611 P.2d 1252 (1980).

Here, the Department concluded estoppel did not apply because the doctrine cannot be used to require a result which is contrary to statute. It is true estoppel will not be applied to frustrate the clear purpose of state laws. *See Noel v. Cole,* 98 Wn.2d 375, 378–79, 655 P.2d 245 (1982); *Washington Educ. Ass'n v. Smith,* 96 Wn.2d 601, 638 P.2d 77 (1981); *State v. O'Connell,* 83 Wn.2d 797, 523 P.2d 872 (1974); *Marquardt v. Federal Old Line Ins. Co.,* 33 Wn. App. 685, 658 P.2d 20 (1983); *Hasan v. Eastern Wash. Univ.,* 24 Wn. App. 829, 604 P.2d 191 (1979). But, including fringe benefits in earnable compensation is not clearly contrary to the retirement statute. In *Washington Ass'n of Cy. Officials v. Washington Pub. Employees' Retirement Sys. Bd.,* 89 Wn.2d 729, 575 P.2d 230 (1978), the court addressed a similar issue under the Washington Public Employees' Retirement System (PERS), RCW 41.40. There, PERS had consistently included termination payments, which included accumulated and unused sick and vacation leave as well as severance pay, in computing "average final compensation" for retirement benefits. The Legislature subsequently amended RCW 41.40 to exclude those payments in calculating retirement benefits. The court held at page 733 the fact that the amendment did not take effect until a certain date, after certain members had retired, evidenced a "clear legislative intent to allow termination payments to be included . . ." in retirement calculations prior to that date.

Here, while Dr. Hitchcock was employed, no statute provided that compensation for personal services could not

take the form of payments to defray expenses incurred while performing those services. In fact, the payments in lieu of health insurance, which were also included by the Department in Dr. Hitchcock's employment contract, were included as earnable compensation.[4] After Dr. Hitchcock applied for retirement benefits, RCW 28A.58.098 was added to the "common school provisions" statutes. It states in pertinent part:

(1) No school district board of directors or administrators may:
(a) Increase an employee's salary or compensation to include a payment in lieu of providing a fringe benefit;
. . .
(3) Provisions of any contract in force on March 27, 1982, which conflict with the requirements of this section shall continue in effect until contract expiration.

As in *Washington Ass'n of Cy. Officials v. Washington Pub. Employees' Retirement Sys. Bd., supra,* it is clear from this provision that the Legislature intended payments in lieu of fringe benefits (here, an automobile) included in contracts prior to the enactment of this statute, to be included within earnable compensation. Applying the law as it was prior to the amendment would not frustrate its purpose.

The Department also concluded estoppel did not apply since Dr. Hitchcock could not reasonably rely on Mr. Reiley's estimates exactly equaling the retirement allowance. Additionally, no manifest injustice was shown.

Dr. Hitchcock does not, however, contend the Department is bound by the exact amount of Mr. Reiley's estimates. Rather, we understand his assertion to be that the Department is bound by Mr. Reiley's assurances the "in lieu of" payments would be included as part of his salary for computing his retirement allowance. The question, then, is whether the Department's practices and representations created such an expectation.

---

[4]*Under former RCW 41.04.190 (Laws of 1963, ch. 75, § 2, p. 471), the cost of health insurance was considered to be compensation. The 1983 amendment to that statute provides to the contrary, RCW 41.04.190.*

It is undisputed that the Department's policy was to accept salary figures reported by the school board in computing retirement benefits. Prior to Dr. Hitchcock's request for retirement benefits, the Department never questioned any item included by the school board as part of an employee's salary unless the board had not specifically allowed the payment, or there were computation errors. Dr. Hitchcock's entire salary had been properly authorized by the board. The evidence is also uncontroverted that the payments in lieu of transportation were intended by the school board to be part of Dr. Hitchcock's total salary for computing his retirement benefits. These payments were agreed upon when Dr. Hitchcock was first hired in 1972.

Finally, the Department admits "[t]here is substantial evidence that Dr. Hitchcock was advised in September 1975 by Robert Reiley that salary labeled as 'in lieu of transportation expenses' would qualify as 'earnable compensation.'" There is no contention Mr. Reiley was not an authorized agent of the Department. To the contrary, Mr. Reiley testified he was in charge of advising members concerning their retirement benefits. Although the director found Mr. Reiley had not viewed Dr. Hitchcock's employment contract at the time he gave that advice, according to the testimony, that fact was not relevant.

Mr. Reiley testified as follows:

Q Mr. Reiley, prior to the date of that letter [estimating Dr. Hitchcock's benefits], had you had discussions with Mr. Hitchcock concerning what was includable in earnable compensation for purposes of TRS [Teachers' Retirement System]?

A Yes, in the early fall of 1975, we had conversation relative to that. And I explained to him the policy as it was and had been used for a considerable period of time.

Q Let me ask you, did Dr. Hitchcock raise with you the question of what portions of his policy that were designated or labeled as "in lieu of transportation expenses" were includable in earnable compensation?

A Yes.

Q And what did you advise Dr. Hitchcock?

A I advised that, since they were part of the determi-

nation by the school district of the payment for services, that they were included.

Q Just to clarify, your advice to Dr. Hitchcock was that those portions of his contract labeled "in lieu of transportation expenses" would be included in earnable compensation?

A That's correct.

. . .

Q And that TRS would not examine or review factors used by the district to arrive at that total salary figure?

A That's right.

Q Now, with regard to that policy and practice, was that communicated to you—excuse me—communicated by you and by other TRS representatives to TRS members other than and in addition to Dr. Hitchcock?

A Yes.

When presented with a hypothetical employment contract which included a basic salary supplemented by a payment in lieu of transportation expenses, Mr. Reiley stated the total salary figure would be used for computing earnable compensation. This hypothetical contract was substantially similar to the contract Dr. Hitchcock entered into with the school board after talking to Mr. Reiley. Hence, according to Mr. Reiley's testimony, whether or not he had seen Dr. Hitchcock's contract, the payments in lieu of transportation expenses would have been included in earnable compensation.

■ Judicial notice has been taken of the fact that retirement pensions are generally obtained at the cost of *possible wage increases and other negotiated benefits. Dorward v. ILWU–PMA Pension Plan,* 75 Wn.2d 478, 483, 452 P.2d 258 (1969). *They are, in effect, withheld pay to induce long–continued and faithful service which vests with the first day of employment or service and continues to vest with each day's service thereafter. Crabtree v. Department of Retirement Sys.,* 101 Wn.2d 552, 556–57, 681 P.2d 245 (1984); *Cooley v. Hollister,* 38 Wn. App. 447, 455, 687 P.2d 230 (1984). The evidence shows Dr. Hitchcock paid into his retirement on the basis of his total salary, which included the "in lieu of" payments. Those payments were never

questioned. We conclude Dr. Hitchcock was entitled to rely on payments in lieu of transportation being considered in determining his retirement benefits. *See Washington Ass'n of Cy. Officials v. Washington Pub. Employees' Retirement Sys. Bd., supra* at 733; *Beggs v. Pasco, supra.*

We order the Department to include payments in lieu of transportation when determining Dr. Hitchcock's earnable compensation as it relates to retirement benefits.

McINTURFF, J., concurs.

GREEN, A.C.J. (dissenting)—I am constrained to disagree with the majority's application of the standard of review and, therefore, dissent.

The majority characterizes the questions involved as mixed questions of law and fact. Mixed questions exist "'where there is dispute both as to the propriety of the inferences drawn by the agency from the raw facts and as to the meaning of the statutory term'." They require determining the meaning of the statute and how it applies to the facts. *Franklin Cy. Sheriff's Office v. Sellers*, 97 Wn.2d 317, 330, 646 P.2d 113 (1982), *cert. denied*, 459 U.S. 1106 (1983) (quoting *Daily Herald Co. v. Department of Empl. Sec.*, 91 Wn.2d 559, 561, 588 P.2d 1157 (1979)). Both parties agree earnable compensation for determining retirement benefits is based on salary for personal services rendered. RCW 41.32.010(11)(a). Hence, there is no dispute concerning the meaning of the statute. The majority does not apply that definition to the payments here except to note the statute did not specifically exclude them from earnable compensation. Instead, they conclude the payments should be included in earnable compensation because of the *treatment* given them by the parties.

That treatment is the gravamen of Dr. Hitchcock's appeal. He asserts, and the majority agrees, the Department of Retirement Systems is estopped to deny Dr. Hitchcock is entitled to have the payments in lieu of transportation expenses included in computing his retirement

benefits because (1) the school board intended that the payments be part of his salary and (2) Mr. Reiley, then assistant director of the Department, assured him the payments would be treated as earnable compensation in computing retirement benefits. The Department's findings of fact on these two issues are critical to the review here and, in my opinion, determinative of this appeal. Thus, the questions involved are purely factual, not mixed.

The director's unchallenged findings state Mr. Reiley advised Dr. Hitchcock the payments in lieu of transportation expenses would qualify as "earnable compensation" if the school district had determined they were for personal services. He further found, however, the school district's purpose in providing for the payments "was not to compensate [Dr. Hitchcock] in the form of salary for personal services rendered" but was "to reimburse [him] for local business expenses in a negotiated flat amount rather than to require [him] to submit claims for actual expenses as they were incurred." In light of the director's finding that the payments were not intended to be for personal services, Mr. Reiley's statement was not inconsistent with the Department's position that these payments are not includable in earnable compensation. Therefore, the Department's conclusion that equitable estoppel was not established is correct. *See Beggs v. Pasco,* 93 Wn.2d 682, 689, 611 P.2d 1252 (1980).

The majority concludes the Department's findings are clearly erroneous. Because of recent pronouncements by the Supreme Court, I am compelled to dissent on the majority's application of that standard here. As pointed out, the clearly erroneous standard allows reversal of the agency's findings if, after reviewing the record, the court is left with a definite and firm conviction a mistake has been made. *Renton Educ. Ass'n v. Public Empl. Relations Comm'n,* 101 Wn.2d 435, 440, 680 P.2d 40 (1984). Despite language in *Franklin Cy. Sheriff's Office v. Sellers, supra* at 324, that the standard allows for a broader, more intensive review of an agency's factual determinations, based on the entire

record, the court in *Sellers* made it clear that appellate courts may not reweigh evidence. Citing *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959), the *Sellers* court, at pages 324–25, held this court may not reconcile conflicting evidence which has already been ruled upon by the fact–finding tribunal. Enforcing this pronouncement in *Schuh v. Department of Ecology,* 100 Wn.2d 180, 184, 667 P.2d 64 (1983), the court overturned the Court of Appeals reversal of an agency determination where the agency's findings were supported by substantial evidence. The question here, then, is whether the Department's findings are supported by the evidence or reasonable inferences from the evidence.

Dr. Hitchcock's contract with the school board for the first 3 years of his employment as a superintendent stated:

> That, in consideration of a *salary of $33,500* to be paid the first year *and $33,500* to be paid each of the next two years, said Superintendent agrees to *perform* faithfully *the duties of Superintendent of Schools* and to serve as Executive Officer of the Board of Education. The annual salary shall be paid in equal installments in accordance with the policy of the Board governing payment of other professional staff members in the District.
>
> . . .
>
> That the Board of Education shall provide the Superintendent with *$1,800 annually in lieu of transportation* in the performance of his official duties within Spokane County and for *other local expenses* in connection with his service as Superintendent during his employment under this contract.

(Italics mine.)

Although there was testimony the board intended that all the money paid to Dr. Hitchcock be used for computing his retirement benefits, the inescapable fact is that the payments in lieu of transportation expenses were and in subsequent contracts continued to be listed separately from Dr. Hitchcock's basic salary. The Department could thus infer from these contracts that the payments were advance reimbursement for anticipated expenses, not payments for per-

sonal services. Further, there is evidence in the record which supports the director's finding that although there was not an exact accounting of transportation expenses, the amounts provided for in the contracts were not unreasonable in light of what Dr. Hitchcock's actual expenses might be. This court is not permitted under *Sellers* to ignore the director's findings which are supported by the evidence to obtain a different result. *See Schuh*, at 184.

While there is evidence in the record persuasively supporting Dr. Hitchcock's argument, this court cannot ignore the Supreme Court's strong admonition in *Sellers* and *Schuh* against reweighing the evidence presented to an agency fact finder. Since there is substantial evidence to support the director's findings, I am constrained to affirm.

Review denied by Supreme Court February 21, 1985.