[No. 11907–2–II.   Division Two.   February 1, 1990.]

HOWARD COBLE, *Appellant,* v. ROBERT L. HOLLISTER, JR.,
*Respondent.*

*Craig W. Hanson* and *Hanson & Dionne,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Robert J. Fallis, Assistant,* for respondent.

REED, J.—Howard Coble, former superintendent of the Olympia School District, appeals from a judgment affirming a decision of the Department of Retirement Systems that certain monthly payments were not "earnable compensation," and therefore not included in computing his retirement pay. He contends that the expenses were earnable compensation and that the Department is estopped from denying the same. We disagree and affirm.

Coble was superintendent from July 1, 1973, until June 30, 1980, when he retired. From 1978 to 1980, Coble's employment contract contained the following language:

> In addition to annual salary, the Superintendent shall receive the following forms of compensation in consideration for the faithful performance of the duties of the Superintendent of the Olympia School District:

> C. Twenty–four hundred dollars annually in lieu of reimbursement for authorized travel and other expenses incurred doing District business, but not including out–of–district travel or attendance at state and national conferences, conventions and seminars.

Monthly, Coble submitted an expense voucher for $200, charging the amount against the $2,400. The voucher also included any other monthly miscellaneous expense for which Coble sought reimbursement. The bookkeeping office

of the school district processed the vouchers and paid Coble from the general support services travel fund.

Several unchallenged findings support the Department Director's conclusion that the payments were reimbursement for expenses: Coble's salary figures submitted to the Superintendent of Public Instruction, which were prepared under Coble's direction, did not include the $2,400 payments; neither did Coble's wage reports submitted to the Employment Security Department for the years 1978 through 1980. Coble also took employee business deductions in an amount greater than the total payments each year.

Other findings, however, support Coble's argument that the payments were compensation: Coble did report the payments as income on his W–2 forms for 1978 and 1979. He also made annual lump sum contributions to the retirement system beginning in 1978 and concluding in 1980, based on the $2,400 he received. These were returned to him.

On July 1, 1980, Coble applied for retirement benefits as a member of the Washington State Teachers' Retirement System. Coble's retirement allowance was to be determined by reference to his "average earnable compensation for his two highest compensated consecutive years of service . . .". RCW 41.32.498(2). Coble's highest earnings years were 1978 and 1979.

In computing Coble's average earnable compensation, the Department of Retirement Systems (Department) did not include the $2,400 per year payments.[1] Coble appealed that decision, and the administrative law judge determined that the payments were earnable compensation. That order was reversed by the Director of the Department of Retirement

---

[1] Retirement allowances under the teachers retirement statutes are based upon a member's "earnable compensation." *See* RCW 41.32.497. Earnable compensation is defined as follows: "[A]ll salaries and wages paid by an employer to an employee member of the retirement system for *personal services* rendered during a fiscal year." (Italics ours.) RCW 41.32.010(11)(a)(i).

Systems, who was affirmed by the Thurston County Superior Court.

## I

■ In finding of fact 17[2] the Director found that the parties intended the $2,400 to be reimbursement for expenses rather than compensation for personal services. The intent of the parties is a finding of fact, which we may reverse only if that finding is clearly erroneous, that is, if we are left with a definite and firm conviction that a mistake has been made. *Franklin Cy. Sheriff's Office v. Sellers,* 97 Wn.2d 317, 324, 646 P.2d 113 (1982), *cert. denied,* 459 U.S. 1106 (1983). After reviewing the evidence, to most of which we have alluded, we conclude that the finding is not clearly erroneous.

The Director concluded that reimbursement for expenses does not constitute earnable compensation. That is a question of law to be reviewed de novo. *Sellers,* 97 Wn.2d at 325–26.

■ Coble cites Division Three's decision in *Hitchcock v. Department of Retirement Sys.,* 39 Wn. App. 67, 73–74, 692 P.2d 834 (1984), *review denied,* 103 Wn.2d 1025 (1985), for the proposition that payments to defray expenses incurred while performing personal services are includable as "earnable compensation." Coble's reliance on *Hitchcock* is misplaced; in that case the Department was estopped from disputing that certain payments were "earnable compensation." The *Hitchcock* court's holding that payments "in lieu of compensation" were for services rendered was based upon unique facts and should be confined to those facts.

---

[2]Although Coble failed to assign error to specific findings, the challenge to finding of fact 17 is extensively discussed in his appellate brief, so the technical violation of RAP 10.3(g) does not bar review of that finding. *See State v. Williams,* 96 Wn.2d 215, 220, 634 P.2d 868 (1981). Because the other findings are neither challenged nor discussed they have been treated as verities. *Fuller v. Department of Empl. Sec.,* 52 Wn. App. 603, 606, 762 P.2d 367 (1988), *review denied,* 113 Wn.2d 1005 (1989).

"Earnable compensation" is "all salaries and wages paid by an employer to an employee member of the retirement system for *personal services* rendered during a fiscal year." (Italics ours.) RCW 41.32.010(11)(a)(i). Because the $2,400 constituted "reimbursement for authorized travel and other expenses," not personal services, it cannot be considered earnable compensation.

## II

Coble relies heavily on *Washington Ass'n of Cy. Officials v. Washington Pub. Employees' Retirement Sys.*, 89 Wn.2d 729, 575 P.2d 230 (1978), for the proposition that the Department's practice of receiving retirement contributions based on the reimbursement payments gave rise to a contractual expectation that the payments were earnable compensation. *Washington Ass'n* is inapplicable because it involved the interpretation of the Legislature's intent in amending a different statute, RCW 41.40.010(15), and the change of a long–standing administrative practice of including termination payments as "average final compensation." *See* RCW 41.40.010(15). In this case, there is no evidence of legislative intent to support Coble's proposition that reimbursement constitutes earnable compensation. Nor was there a longstanding Department practice to include reimbursement payments as earnable compensation. Thus, he did not have a contractual expectation.

## III

Coble also argues that the Department should be estopped from denying that the payments were intended as "earnable compensation." The application of equitable estoppel against the State or its political subdivisions is not favored. *Chemical Bank v. WPPSS*, 102 Wn.2d 874, 905, 691 P.2d 524, *cert. denied*, 471 U.S. 1065 (1984). Consequently, the doctrine will not be applied unless every particular element is proved by the proponent with clear, cogent and convincing evidence. *Chemical Bank*, at 905. Those elements are as follows:

1. An admission, statement or act inconsistent with a claim afterward asserted;
2. Action by the other party on the faith of such admission, statement, or act; and
3. Injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act.

*Leonard v. Washington Employers, Inc.,* 77 Wn.2d 271, 280, 461 P.2d 538 (1969). *But see Hitchcock v. Department of Retirement Sys., supra.*

The Director found that Coble had failed to establish all the elements of equitable estoppel. This presents a mixed issue of law and fact. Therefore, the facts will be reviewed by the clearly erroneous standard and the law reviewed de novo. *Sellers,* 97 Wn.2d at 330.

Although the record discloses that Coble knew his retirement contributions reflected his reimbursement payments, there is no evidence that he acted in reliance on that fact. The Director's factual findings are not clearly erroneous, and his legal conclusion is correct.

Affirmed.

PETRICH, A.C.J., and WORSWICK, J., concur.