[No. 11170–5–II.   Division Two.   October 19, 1988.]

STEPHANIE FULLER, *Appellant,* v. THE DEPARTMENT OF EMPLOYMENT SECURITY, *Respondent.*

604

Paul J. Lyon, for appellant.

Kenneth O. Eikenberry, Attorney General, and Pat L. DeMarco, Assistant, for respondent.

PETRICH, J.—After an unsuccessful attempt at the superior court level, Stephanie Fuller appeals the decision of the Personnel Appeals Board (Board) affirming her discharge by the Department of Employment Security. She claims that the Board's decision was arbitrary and capricious and was contrary to law. She also claims that she was not provided a pretermination hearing required by *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985), and thus denied property and liberty interests without due process of law. We affirm.

On May 17, 1985, Stephanie Fuller was discharged from her job as a job service interviewer with the Department of Employment Security. Her discharge was based on her admission that she had falsified job placement orders between December 1984 and March 1985. Fuller first admitted falsifying placement orders when interviewed by a claims investigator on April 25, 1985. She signed a sworn statement prepared by the claims investigator that included the admission. Four days later, on April 29, 1985, Fuller repeated her admission in a meeting with the Department's regional director, job service center manager, and operations manager. At this meeting Fuller was informed that, based on her admission, she was being placed on administrative leave with pay pending final termination. She was given an opportunity to submit additional information

regarding her conduct; none was forthcoming. Fuller received a letter of termination dated May 1, 1985, notifying her of her suspension without pay pending final termination, which occurred on May 17, 1985.

The standard of review that governs this case is prescribed by RCW 41.64.130. *Ballinger v. Department of Social & Health Servs.*, 104 Wn.2d 323, 328, 705 P.2d 249 (1985). RCW 41.64.130 provides for appeals from decisions of the Board which were founded on or contained an error of law, contrary to a preponderance of the evidence, materially affected by unlawful procedure, in violation of the constitution, or arbitrary or capricious. This court reviews the decision of the Board de novo on the record made at the board level, applying the same standard of review as the superior court. *Adams v. Department of Social & Health Servs.*, 38 Wn. App. 13, 14, 683 P.2d 1133 (1984); *Trucano v. Department of Labor & Indus.*, 36 Wn. App. 758, 761, 677 P.2d 770 (1984); *Wahler v. Department of Social & Health Servs.*, 20 Wn. App. 571, 576, 582 P.2d 534 (1978).

Fuller asserts that the findings are arbitrary and capricious and founded on an error of law. However, she fails to assign error separately to each allegedly improper finding of fact. RAP 10.3(g), 10.4(c).

As a general rule, unchallenged findings of the trial court will be treated by this court as verities on appeal, and review will be limited to determining whether the findings support the conclusions of law. *In re Santore*, 28 Wn. App. 319, 323, 623 P.2d 702, *review denied*, 95 Wn.2d 1019 (1981); *McIntyre v. Fort Vancouver Plywood Co.*, 24 Wn. App. 120, 123, 600 P.2d 619 (1979). RAP 1.2 permits liberal interpretation of these rules and allows appellate review in spite of technical violations. Thus, appellate review has been granted where proper assignment of error is lacking but the nature of the challenge is clear and the challenged finding is set forth in the party's brief. *Green River Comm'ty College Dist. 10 v. Higher Educ. Personnel Bd.*, 107 Wn.2d 427, 431, 730 P.2d 653 (1986); *Daughtry v. Jet*

*Aeration Co.,* 91 Wn.2d 704, 710, 592 P.2d 631 (1979). Whether these rules apply to administrative findings has not been directly resolved. However, in *Green River,* the Supreme Court, by addressing a failure to assign error to findings of the Higher Education Personnel Board, implied that the pertinent Rules of Appellate Procedure apply to the findings of administrative agencies. *See also Hitchcock v. Department of Retirement Sys.,* 39 Wn. App. 67, 72, 692 P.2d 834 (1984) (failure to designate a specific finding as error in appeal from agency determination did not bar review under RAP 10.3(b) where nature of challenge was clear and challenge to the finding was extensively discussed in the brief), *review denied,* 103 Wn.2d 1025 (1985). Similarly, we face a failure to assign error to the findings of an administrative agency, the Personnel Appeals Board. However, unlike the parties in *Green River* and *Hitchcock,* Fuller has not set forth the challenged findings in her brief. We hold that where, as here, a party fails to assign error properly to the findings of an administrative agency under RAP 10.3(g) and 10.4(c), such findings will be treated as verities on appeal. We will thus limit our review to determine whether the findings support the conclusions of law.

The unchallenged findings reveal the following: (1) Fuller had 8 years of experience in placement activity, was familiar with the definition of placement, and had manuals available for her use; (2) she admitted to a claims investigator she knowingly falsified placement orders; (3) she signed a sworn statement that recites her admission; and (4) she repeated her admission in a meeting with her superiors. These findings support the Board's conclusion that Fuller's actions were willful violations of published agency rules and constituted malfeasance and gross misconduct.[1]

---

[1]Even if unchallenged findings of an administrative agency are not verities, the Board's decision can be affirmed under the standard set forth in *Gogerty v. Department of Insts.,* 71 Wn.2d 1, 426 P.2d 476 (1967). That standard directs this court to grant the Board's findings of fact a prima facie presumption of correctness. *Gogerty,* 71 Wn.2d at 8. Absent competent evidence which actually, factually, and substantially preponderates against the findings, the findings must

■ The verities also clearly establish that Fuller's due process rights were protected as required by *Cleveland Bd. of Educ. v. Loudermill, supra. Loudermill* requires that an employee who has a property interest in his continued employment be afforded due process prior to being deprived of that interest. *Loudermill,* 470 U.S. at 542. Fuller was a classified public employee who could be fired only for cause, pursuant to WAC 354–34–010. She thus possessed a constitutionally protected property interest in her continued employment. *See Danielson v. Seattle,* 108 Wn.2d 788, 796–97, 742 P.2d 717 (1987). The due process contemplated by *Loudermill* requires a pretermination hearing providing oral or written notice of the charges against the employee, an explanation of the employer's evidence, and an opportunity for the employee to present his side of the story. *Loudermill,* 470 U.S. at 546.

In the public employment context, the pretermination hearing need only be an initial check against mistaken decisions to determine whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action. *Loudermill,* 470 U.S. at 545–46. Indeed, the Supreme Court of Washington held in *Danielson* that an informal conference will satisfy the requirements of *Loudermill. Danielson,* 108 Wn.2d at 798. The police officer in *Danielson* was informed by investigating officers of the nature of the charges against him and the evidence supporting the charges, and was given an opportunity to explain his actions. Fuller received no less at the April 29, 1985, meeting with her superiors. Moreover, given the opportunity to explain her actions, Fuller repeated the admission on which her discharge was based.

■ Fuller asserts that the decision to discharge her had been made prior to the April 29, 1985, meeting and therefore such meeting could not constitute a pretermination hearing. The Court of Appeals recently addressed this

stand. *Gogerty,* 71 Wn.2d at 8. Here, the record readily supports the Board's findings.

argument in *Gibson v. Auburn*, 50 Wn. App. 661, 748 P.2d 673 (1988). The court stated the following:

> Gibson argues, first, that *Loudermill* contemplates a hearing prior to the decision to discharge, rather than the discharge itself. However, there is no support for this position in the language of the opinion itself; *Loudermill*, [470 U.S.] at 542–43, speaks of the right to a hearing "prior to . . . discharge" and "before . . . termination." Furthermore, Gibson's approach would be unworkable because it would involve the court in impossible speculation as to the decision maker's state of mind at the time of the hearing.

*Gibson*, 50 Wn. App. at 664.

The record indicates that Fuller's termination was not final until May 17, 1985. In light of the holding in *Gibson* and the fact that the April 29, 1985, meeting satisfied her due process rights, Fuller received an adequate pretermination hearing regardless of when the decision to discharge her was made. Furthermore, Fuller received a full posttermination evidentiary hearing, at which she was represented by counsel. This hearing, combined with the April 29 meeting, adequately safeguarded her due process right. *Loudermill*, 470 U.S. at 547; *Danielson*, 108 Wn.2d at 799.

Fuller also claims a deprivation of her liberty interest, thus triggering due process rights. We need not address this claim in view of our holding that her due process rights were satisfied.

We affirm.

ALEXANDER, A.C.J., and WORSWICK, J., concur.

Review by Supreme Court pending June 1, 1989.