[No. 12949-3-II. Division Two. July 6, 1990.]

G&G ELECTRIC & PLUMBING DIST., *Appellant,* v.
THE EMPLOYMENT SECURITY DEPARTMENT,
*Respondent.*

*Paula A. Barran, James W. Heller,* and *Spears Lubersky Bledsoe Anderson Young & Hilliard,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *M. Geoffrey G. Jones, Assistant,* for respondent.

WORSWICK, J.—Dorece Tyrrell quit her job voluntarily. Whether she demonstrated good cause to do so, and therefore escaped disqualification for unemployment benefits by RCW 50.20.050(1), is the issue in this litigation. The question before us: is an accumulation of job–related factors,

none of which, considered alone, would be enough, sufficient to show good cause? Both the administrative law judge and the Commissioner of the Employment Security Department held such an accumulation sufficient. The Superior Court agreed, and so do we. We affirm the award of benefits to Tyrrell.

■ The appellant employer has not assigned error to the agency findings; they are verities. *Fuller v. Department of Empl. Sec.*, 52 Wn. App. 603, 762 P.2d 367 (1988), *review denied*, 113 Wn.2d 1005 (1989). The findings show that Tyrrell, a computer systems operator, in her letter of resignation listed three reasons for quitting: first, the employer's failure to pay an annual bonus she was led to believe she would receive each year; second, withholding by the employer of sick leave benefits in apparent violation of Tyrrell's employment agreement; and third, deterioration of her health because of work–related stress. The administrative law judge concluded that the bonus withholding was a violation of the employment agreement, that the sick pay problem resulted because of Tyrrell's literal reading of a company manual, the language of which differed from company "policy" that had never been explained to her, and that Tyrrell's health deteriorated because of stress induced by a bad and progressively worsening relationship between Tyrrell and her supervisors. This relationship began when Tyrrell complained in writing about fellow employees. She was never given a hearing concerning the complaints, but instead was treated thereafter as a troublemaker.

■ The Commissioner's decision is prima facie correct, and in this case the burden of persuading us to the contrary is on the employer. RCW 50.32.150; *Johns v. Department of Empl. Sec.*, 38 Wn. App. 566, 569, 686 P.2d 517 (1984). The facts being undisputed, we review the Commissioner's decision under the error of law standard. *Franklin Cy. Sheriff's Office v. Sellers*, 97 Wn.2d 317, 325, 646 P.2d 113 (1982), *cert. denied*, 459 U.S. 1106 (1983). The Commissioner committed no error of law in this case.

■ RCW 50.20.050(3) provides, in relevant part:

(3) In determining under this section [which deals with disqualification for quitting a job] whether an individual has left work voluntarily without good cause, the commissioner shall only consider work–connected factors such as the degree of risk involved to the individual's health, safety, and morals, the individual's physical fitness for the work, the individual's ability to perform the work, *and such other work connected factors as the commissioner may deem pertinent, . . ..*

(Italics ours.) WAC 192–16–009(1), promulgated under the authority of RCW 50.12.010 and RCW 50.12.040 and unchallenged by the appellant (*see Johns,* 38 Wn. App. at 569), provides in relevant part:

**Interpretative regulations—Disqualification for leaving work voluntarily—Meaning of good cause—RCW 50.20.050 (1) and (3).** (1) General rule. . . . [I]n order for an individual to establish good cause within the meaning of RCW 50.20.050(1) for leaving work voluntarily it must be satisfactorily demonstrated:

(a) That he or she left work primarily because of a work connected factor(s); and

(b) That said work connected factor(s) was (were) of such a compelling nature *as to cause a reasonably prudent person to leave his or her employment; . . ..*

(Italics ours.) Two fundamental principles can be distilled from these provisions. First, the Commissioner is given great discretion in determining factors that bear on good cause; essentially, that discretion is circumscribed only by the requirement that the factors be work connected. Second, the factors are tested under a reasonably prudent person standard, a uniquely flexible standard for resolving what is essentially a factual issue. Applying these and other pertinent principles to this case, we conclude that the appellant employer has failed to overcome the presumption of correctness accorded the Commissioner's decision.

■ First, it is undisputed that all three factors were work related. Next, that the factors were pertinent to good cause was a determination well within the broad discretion given the Commissioner by RCW 50.20.050(3). Finally, the reasonably prudent person standard supports perfectly the notion that an accumulation of factors, no single one of

414

which would be enough, would impel a reasonably prudent person to quit a job. That notion is firmly embedded in common sense, as memorialized in the hoary axiom, "the straw that broke the camel's back."

The employer's additional contention, that Tyrrell failed to exhaust alternatives to quitting, involves factual questions that were resolved in the unchallenged findings to the effect that pursuit of alternatives would have been futile. *See* WAC 192–16–009(1)(c).

Affirmed.

ALEXANDER, C.J., and PETRICH, J., concur.

Review denied at 115 Wn.2d 1023 (1990).