987 P.2d 115 (1999)
97 Wash.App. 715
INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS LOCAL 3266, AFL-CIO, Appellant,
v.
DEPARTMENT OF RETIREMENT SYSTEMS, STATE OF WASHINGTON, and Port Of Bellingham, Respondents.
No. 23782-2-II.
Court of Appeals of Washington, Division 2.
October 22, 1999.
*116 Todd Charles Nichols, Cogdill & Carter, Everett, for Appellant.
Larry E. Halvorson, Halvorson & Saunders Pllc, Seattle, Jerome E. Westby, Asst. Atty. Gen., Olympia, for Respondents.
BRIDGEWATER, C.J.
A fire fighter's union appeals a final order of the Department of Retirement Systems (Department) denying its petition to have its members included in the Law Enforcement Officers' and Fire Fighters' Retirement System (LEOFF). We affirm.
The International Association of Fire Fighters Local 3266 (IAFF) is the collective bargaining representative for the Airport Operation Technicians (technicians) employed by the Bellingham International Airport (airport). The airport is a division of the Port of Bellingham (Port). The IAFF petitioned the Department and requested that the technicians be transferred from membership in the Washington Public Employees Retirement System to LEOFF. The Director referred the petition to an Administrative Law Judge (ALJ) for a hearing to determine the nature of the technicians' duties at the airport and, after taking evidence, the ALJ issued detailed findings of fact. The Director adopted the ALJ's findings and issued a final order denying the technicians membership in LEOFF. The superior court affirmed on appeal.
Only a brief overview of the ALJ's detailed findings is necessary for the analysis here. The technicians perform a wide variety of tasks at the airport, including but not limited to: aircraft rescue and aircraft fire fighting duties and training; safety and security operations; airport inspections; tenant, user and public relations; janitorial services; ground maintenance; and some other duties required by the Federal Aviation Administration (FAA). Essentially, the technicians do everything necessary to keep the airport operational and in compliance with FAA regulations.
The technicians maintain three fire engines, two of which are kept in a fire hall located in the airport's general administration building. Federal regulations require that for certain commercial flights, a qualified person remain on standby at the fire hall for 15 minutes before and after takeoff and landing. The technicians perform this function and spend a significant period of time each day on standby. The ALJ specifically found:
The amount of time spent in preparedness [for crash or fire response] is the entire shift, with a minimum of 9-11 hours out of each day spent at the fire hall on standby. The amount of time, over the course of a year, given over to firefighting related duties, including training, inspections, preparation, and actual [aircraft rescue and fire fighting] response is approximately 40% of the total work time.

I. Standard of Review
This court reviews the Director's final decision under the Administrative Procedure Act (APA). See RCW 34.05.570(3). Normally, we would examine the record to determine whether the findings were supported by *117 substantial evidence. RCW 34.05.570(3)(e). But the technicians do not assign error to, or otherwise contest, the ALJ's factual findings, which the Director adopted. The findings are therefore verities on appeal. RAP 10.3(g); Tomlinson v. Clarke, 118 Wash.2d 498, 501, 825 P.2d 706 (1992). Our review then is to determine whether the findings support the Director's conclusion. Fuller v. Employment Sec. Dep't, 52 Wash.App. 603, 606, 762 P.2d 367 (1988).
The technicians assert that the Department erroneously interpreted the LEOFF statute, the evidence does not support the Department's conclusions of law, and the Department acted arbitrarily and capriciously. All of these arguments turn on a single legal issue: whether, under the undisputed facts of this case, the technicians qualify as "fire fighters" as the term is defined by the relevant statutes and regulations.
The proper interpretation of a statute is a question of law for an appellate court. Waste Management of Seattle, Inc. v. Utilities & Transp. Comm'n, 123 Wash.2d 621, 627, 869 P.2d 1034 (1994).
Whether an agency's construction of the statute is accorded deference depends on whether the statute is ambiguous. Where an agency is charged with the administration and enforcement of a statute, the agency's interpretation of an ambiguous statute is accorded great weight in determining legislative intent. Absent ambiguity, however, there is no need for the agency's expertise in construing the statute.
Waste Management, 123 Wash.2d at 628, 869 P.2d 1034 (citations omitted). Here, we find ambiguity; thus, we use the agency's expertise, applying appropriate deference to it, for construction of the law.

II. The Definition of "Fire Fighter"
The purpose of the LEOFF Act is to provide law enforcement officers, fire fighters and their beneficiaries with retirement, disability, and death benefits. RCW 41.26.020. To qualify for LEOFF benefits, a worker must be either a law enforcement officer or a fire fighter as defined by statute. RCW 41.26.030 provides in part:
(4) "Fire fighter" means:
(a) Any person who is serving on a full time, fully compensated basis as a member of a fire department of an employer and who is serving in a position which requires passing a civil service examination for fire fighter, and who is actively employed as such;
(b) Anyone who is actively employed as a full time fire fighter where the fire department does not have a civil service examination;
To qualify as a LEOFF fire fighter, the worker must be a full-time fire fighter and a member of a fire department.[1] The term "fire department," however, is undefined by the statute.
The Department has promulgated the following relevant rules:
(2) Fire fighters. You are a fire fighter if you are employed in a uniformed fire fighter position by an employer on a full-time, fully compensated basis, and as a consequence of your employment, you have the legal authority and responsibility to direct or perform fire protection activities that are required for and directly concerned with preventing, controlling or extinguishing fires.
(a) "Fire protection activities" may include incidental functions such as housekeeping, equipment maintenance, grounds maintenance, fire safety inspections, lecturing, performing community fire drills and inspecting homes and schools for fire hazards. These activities qualify as fire protection activities only if the primary duty of your position is preventing, controlling or extinguishing fires.
WAC 415-104-225. Like the LEOFF statute, the Department's rules require that the fire fighter be employed on a full-time basis, and under subsection (a), certain incidental functions may be counted as "fire protection activities" only if the "primary duty" of the *118 worker's position is preventing, controlling, or extinguishing fires.
Therefore, to be eligible for LEOFF benefits, a worker must be a full-time fire fighter under both RCW 41.26.030 and WAC 415-104-225. The administrative code specifically defines the term "full-time" as follows: "An employee is employed `full time' if the employee is regularly scheduled to earn basic salary from an employer for a minimum of one hundred sixty hours each calendar month." WAC XXX-XXX-XXXX. There appears to be no dispute that the technicians are full-time employees in that they work the requisite number of hours each month. But the question that we examine is whether full-time employees who perform fire fighting functions as only part of their many duties are full-time fire fighters.
The Department's rules reflect the practical recognition that full-time fire fighters spend a significant portion of their time on standby, ready to respond to fire emergencies. The code allows many of the incidental functions of fire fighters to be considered "fire protection activities" as long as the primary duty of the fire fighter is preventing, controlling, or extinguishing fires. WAC 415-104-225(2)(a).
The technicians' central argument is that because they spend 40 percent of their time directly involved in fire prevention and preparedness, they spend more time performing fire fighting than any other task. The technicians argue, accordingly, that their "primary duty" is fire fighting under WAC 415-104-225(2)(a) and, consequently, all other duties that they perform are "incidental" to this primary duty.
But the Port contends that the primary duty of the technicians is to operate the airport, not to fight fires. In the Department's final order, the Director concluded: "Petitioners are not persons employed primarily to perform fire fighting activities who fill their time with other duties when not fighting fires. That is to say, their non-fire fighting duties are not incidental to their fire fighting functions." Conclusion of law 5.[2] As the Port argues, "The Director determined that the technicians were airport operations and maintenance employees, whose duties include fire fighting duties. They are not fire fighters with incidental duties of operating the Airport."
We hold that the union members are not full-time fire fighters within the meaning of RCW 41.26.030(4). Further, the Director's conclusion is amply supported by the findings. The technicians' primary duty is to keep the airport operational. The "incidental functions" performed by the technicians are not incidental to fire protection activities. In conclusion, the technicians are not full-time fire fighters within the coverage of the LEOFF system. In denying the technicians' petition, the Department did not erroneously interpret RCW 41.26.030(4).
Because this issue is dispositive, we need not address other arguments raised by the parties.
Affirmed.
MORGAN, J., and HOUGHTON, J., concur.
NOTES
[1] The airport does not require that the technicians take a civil service examination for fire fighters. Therefore, the provision in RCW 41.26.030(4)(a) that employees take such examinations if required is inapplicable here and subsection (b) applies.
[2] Conclusion of law 5 provides:

The other roughly sixty percent of Petitioner's [sic] time is spent in activities that are not fire protection activities. While Petitioner's [sic] do perform some of the duties identified in WAC 415-104-225(2)(a), the evidence in the record shows that those duties are not required for and directly concerned with preventing, controlling or extinguishing fires. Petitioners are not persons employed primarily to perform fire fighting activities who fill their time with other duties when not fighting fires. That is to say, their non-fire fighting duties are not incidental to their fire fighting functions. Accordingly, the primary duty of the operations technicians is not preventing, controlling or extinguishing fires. Petitioners do not qualify as full time firefighters under RCW 41.26.030(4).