FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2014 JAN 27 AM 9: 56

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| WILL KNEDLIK, *qua* an individual and *qua* president of Eastside Rail Now an unincorporated grassroots environmental and rail-advocacy organization, ) ) ) ) ) ) | No. 70306-4-I |
| Appellant, ) ) ) | |
| v. ) ) | |
| CENTRAL PUGET SOUND REGIONAL ) TRANSIT AUTHORITY (dba SOUND ) TRANSIT), *qua* a junior taxing district, ) ) | UNPUBLISHED OPINION FILED: January 27, 2014 |
| Respondent. ) ) | |

VERELLEN, J. — Will Knedlik appeals an order dismissing his appeal from an administrative decision on the final environmental impact statement for East Link, a light rail project of the Central Puget Sound Regional Transit Authority (Sound Transit). The superior court dismissed Knedlik's appeal as a sanction for his failure to comply with the case schedule. Although Knedlik assigns error to the court's choice of sanctions, he fails to support his assignment of error with any argument or authority. We therefore affirm.

In July, 2011, Knedlik administratively appealed the final environmental impact statement (EIS) prepared for the East Link light rail project under the State

Environmental Policy Act, chapter 43.21C RCW. Following a hearing, an administrative law judge upheld the EIS.

Knedlik filed a petition for review in superior court and served Sound Transit with a copy of the petition and the superior court's order setting the case schedule. The order set deadlines for filing the administrative record and the appeal briefs. As the deadline for filing the record approached, Sound Transit attempted to contact Knedlik in order to determine which documents he intended to designate for review. Knedlik did not respond.

On February 17, 2012, the deadline for filing the record, Sound Transit filed and served a copy of the complete administrative record.

On June 4, 2012, the deadline for Knedlik's brief, Knedlik failed to either file a brief or request an extension of time.

Ten days later, Sound Transit moved to dismiss Knedlik's appeal. At Knedlik's request, Sound Transit renoted its motion in order give him an additional week to respond. But instead of filing a response or an appeal brief, Knedlik filed a motion to stay his appeal pending Freeman v. State,[1] which involved a lease agreement allowing Sound Transit to use the center lanes of Interstate 90 for light rail, and Building a Better Bellevue v. United States Department of Transportation,[2] which involved a challenge to the East Link EIS under the National Environmental Protection Act, 42 U.S.C. § 4332.

The superior court denied Knedlik's motion to stay and dismissed his appeal for noncompliance with the scheduling order. The court's unchallenged findings state that

---

[1] 178 Wn.2d 387, 309 P.3d 437 (2013).
[2] 2013 WL 865843 (W.D. Wash. Mar. 7, 2013).

Knedlik failed to file his trial brief or serve a written settlement demand as required by the scheduling order, that these failures were willful and prejudicial, and that lesser sanctions were not appropriate under the circumstances.

Knedlik appealed directly to the Washington State Supreme Court, which denied direct review and transferred the appeal to this court.

## DECISION

Pro se litigants are held to the same standard as attorneys and must comply with all procedural rules on appeal.[3] Failure to do so may preclude appellate review.[4] An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."[5] Failure to support assignments of error with legal arguments precludes review.[6] Arguments that are not supported by references to the record, meaningful analysis, or citation to pertinent authority need not be considered.[7] Unchallenged findings of fact are verities on appeal.[8]

---

[3] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

[4] State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999).

[5] RAP 10.3(a)(6).

[6] Howell v. Spokane & Inland Empire Blood Bank, 117 Wn.2d 619, 624, 818 P.2d 1056 (1991).

[7] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990); RAP 10.3(a).

[8] Fuller v. Employment Sec. Dep't, 52 Wn. App. 603, 605, 762 P.2d 367 (1988).

Here, Knedlik assigns error to the court's dismissal of his appeal but does not support the assignment with any relevant argument or authority.[9] Although he argues at length regarding the merits of his underlying challenges to the EIS, he offers no basis whatsoever for concluding that the superior court abused its discretion in dismissing his appeal for noncompliance with the case schedule. Nor does he challenge the court's findings of fact or provide the requisite references to the record. Under the authorities cited above, these omissions are fatal to Knedlik's appeal.

Affirmed.

WE CONCUR:

---

[9] Although the "Assignments of Error" section of Knedlik's brief only alleges that the court "erred substantively in dismissing" his appeal and then mentions his substantive challenges to the EIS, the "Issues Pertaining to Assignments of Error" section of his brief also challenges the court's procedural reasons for dismissing his appeal under the case schedule order. Under the circumstances, we will treat the latter challenge as part of his assignment of error.