# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| WALTER "JIM" BISHOP dba BISHOP ENTERPRISES, | No.  53142-9-II |
| Appellant, | |
| v. | |
| SHIRLEY BAUBLITS, | UNPUBLISHED OPINION |
| Defendant, | |
| DONALD TUCKER AND PILAR TUCKER and the marital community composed thereof, | |
| Respondents. | |

LEE, C.J. — Walter J. Bishop, doing business as Bishop Enterprises, appeals the trial court's Judgment awarding him $18,731.15.  Bishop argues that the trial court erred by 1) awarding the incorrect amount owed for the Oceanview project, one of the two underground work projects Bishop provided services for, and 2) denying him prejudgment interest.  We disagree and affirm the trial court's Judgment.

## FACTS

### A.    BACKGROUND

Donald Tucker orally contracted with Bishop, a general contractor, to have Bishop perform sewer and ground work for Tucker on two separate properties, Oceanview Park (Oceanview) and Milwaukee Drive (Milwaukee).

On November 20, 2017, Bishop filed a complaint against Tucker and his wife, Pilar Tucker, (the Tuckers) claiming that they failed to pay Bishop for part of the work. In his complaint, Bishop requested judgment against the Tuckers in the principal amount of $18,731.15 together with prejudgment interest, attorney fees, and costs. The $18,731.15 included $10,867.59 for Oceanview and $7,863.56 for Milwaukee. The $10,867.59 balance owed on the Oceanview project was based on Bishop's bill to Tucker, which included $13,190.50 for labor and equipment, less payments Tucker had already made.

B.      BENCH TRIAL

The matter was tried to the bench. Before the testimony began, Bishop informed the trial court that the amounts billed to Tucker for both Oceanview and Milwaukee were incorrect.[1] The trial court stated, "I understand you filed something that shows what you believe the correct figures are, it'll be up to testimony as to what was actually submitted to the Defendants for payment." Verified Report of Proceedings (VRP) at 25.

During trial, Bishop testified about his process for generating the bills sent to Tucker. Bishop stated that his crew would fill out timesheets in notebooks. Noel Van Giesen, the foreman on the Oceanview project, generated a spreadsheet based on the timesheets. Bishop took the spreadsheets and typed the values into a billing statement. Bishop would also sit down with Van Giesen and go through the cost of materials used. Bishop also stated:

> Because the materials, I have to go through the materials because, uh, I have to sit
> down with Noel and we have to talk about what we used, you know. Because a lot
> of our materials came from our stock. I mean, I have a supply at my house. I mean,

---

[1] Bishop states on appeal that "[t]he Milwaukee billing . . . was correctly computed." Br. of Appellant at 6.

we just don't run down, you know, pick them all up at the same time. We might run into something—like the City changed valves on us and we had to turn around and reorder valves because they didn't want the ones that we had.

VRP at 99. Bishop further stated that "I'm careful with the billings. They have to all, uh—they have to be, you know, accounted for. We don't just make them up." VRP at 102.

Bishop also testified that admitted Exhibit 6[2] was his bill to Tucker in the amount of $10,867.59 for the Oceanview project. The $10,867.59 amount owed reflects the amounts billed less the amount Tucker had already paid. The bill shows that the total for labor and equipment was $13,190.50. Bishop stated that he was not aware that the $13,190.50 amount in the total labor and equipment line of the Oceanview bill did not reflect the amounts of the individual itemized entries for labor included in the statement.[3]

---

[2] All trial exhibits are included in the Clerk's Papers. We also note that the exhibits lack page numbers. For our purposes we number each exhibit starting from the first page of the exhibit.

[3] Exhibit 6 lists individual itemized entries for hours worked on the Oceanview project and the labor cost for each of those entries. Exhibit 6 also shows:

| | | |
|---|---|---|
| Total labor and equipment | | 13190.50 |
| Total Materials | | 6060.04 |
| | total | 19250.54 |
| | Tax        .084 | 1617.05 |
| | | 20867.59 |
| | Less deposit | 10000.00 |
| | TOTAL | $10,867.59 |

Trial Ex. 6 at 7.

3

Bishop further testified that admitted Exhibit No. 7 was the bill for his work on the Milwaukee project.[4] The bill shows that the amount owed on the Milwaukee project was $7,863.56. The total amount for the two projects as shown in the admitted Exhibits 6 and 7 is $18,731.15.

Bishop testified that his attorney recalculated the individual itemized entries in Bishop's billings. An email from Bishop's attorney to Tucker's attorney stated that he ran adding machine tapes for the Oceanview and Milwaukee bills. "Oceanview comes to $14,209.00 instead of $13,190.50 [for equipment and labor] and Milwaukee comes to $18,636.96 instead of $10,944.21 [for subtotal]." Trial Ex. 10 at 2. When Bishop was asked if he could account for the $18,636.96 in his attorney's email, Bishop stated, "No. I don't know—I don't know how he c[a]me up with that number." VRP at 122. When asked if the amounts listed in his attorney's email were the correct amounts for the projects, Bishop responded, "Not according to my billing here. But I don't know where I could have made the mistake." VRP at 122. However, Bishop later testified that

---

[4] Exhibit 7 lists individual itemized entries for hours worked on the Milwaukee project and the labor costs for each of those entries. Exhibit 7 also shows:

| | | |
|---|---|---|
| Equipment and Labor | | 8,014.00 |
| Materials | | 2930.21 |
| | subtotal | 10,944.21 |
| | Tax | 919.31 |
| | | 11,863.56 |
| | Less deposit | -4000.00 |
| Total | | $7,863.56 |

Trial Exhibit 7 at 4.

4

his attorney's email included the correct balances owed, including taxes and prejudgment interest on Oceanview and Milwaukee projects.

C.    THE TRIAL COURT'S RULINGS

The trial court entered Findings of Fact and Conclusions of Law. These findings and conclusions stated, in relevant part:

> FOF NO. 1: Donald Tucker ("Tucker") orally contracted with Plaintiff whereby Plaintiff agreed to perform certain sewer and ground work for Tucker on two (2) separate properties and Tucker agreed to pay Plaintiff for said work on a time-and-materials basis.
>
> . . . .
>
> FOF NO. 7: Plaintiff's unpaid charges for the work total $18,731.15.
>
> . . . .
>
> CONCLUSIONS OF LAW NO. 1: Defendants personally owe Plaintiff $18,731.15 for Plaintiff's work on the two properties.

Clerk's Papers at 12. The trial court entered a judgment for Bishop in the amount of $18,731.15.

Bishop appeals.

ANALYSIS

A.    OCEANVIEW BILL

Bishop argues that the trial court erred by entering a judgment that included an incorrect amount owed for work performed on the Oceanview project. Bishop contends that "[a]n adding machine tape was run and the true itemized billing entries on the Oceanview invoice actually totaled $14,209.00: not $13,190.50." Br. of Appellant at 5.

We apply a two-step standard of review for a trial court's findings of fact and conclusions of law: first, we determine if the trial court's findings of fact were supported by substantial evidence in the record, and if so, we next determine whether those findings of fact support the trial court's conclusions of law. *Landmark Development, Inc. v. City of Roy*, 138 Wn.2d 561, 573, 980 P.2d 1234 (1999). "'Substantial evidence exists if the record contains evidence of sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise.'" *In re Marriage of Griswald*, 112 Wn. App. 333, 339, 48 P.3d 1018 (2002) (quoting *Bering v. SHARE*, 106 Wash.2d 212, 220, 721 P.2d 918 (1986), *cert. dismissed*, 479 U.S. 1050, 107 S. Ct. 940, 93 L. Ed. 2d 990 (1987)), *review denied*, 148 Wn.2d 1023 (2003). Unchallenged findings of fact are verities on appeal. *Fuller v. Employment Sec. Dept.*, 52 Wn. App. 603, 605, 762 P.2d 367 (1988). We review the trial court's conclusions of law de novo. *Casterline v. Roberts*, 168 Wn. App. 376, 381, 284 P.3d 743 (2012).

Bishop argues that the trial court erred in awarding him $18,731.15. Bishop contends that the amount awarded him includes an erroneous total for the Oceanview project. Specifically, Bishop asserts that the amount owed on the Oceanview project should have included labor and equipment costs of $14,209.00 rather than $13,190.50.[5]

Here, Bishop provided Tucker with bills for work performed on both projects, admitted as Exhibits 6 and 7. The bill for the Oceanview project listed the total amount for labor and

---

[5] There is no finding of fact that states the labor and equipment costs for the Oceanview project is $13,190.50. And Bishop does not assign error to any finding of fact or conclusion of law. However, although Bishop does not assign error to any findings of fact or conclusions of law, his arguments clearly relate to findings of fact 7 and conclusions of law 1. Therefore, we do not treat finding of fact 7 as a verity on appeal.

equipment as $13,190.50 and the total amount due to Bishop as $10,867.59. An amount of $14,209.00 for labor and equipment on the Oceanview project was presented in the email from Bishop's attorney. However, when Bishop was asked if the amounts listed in his attorney's email were the correct amounts for the project, Bishop responded, "Not according to my billing here. But I don't know where I could have made the mistake." VRP at 122.

Exhibits 6 and 7 show a total amount owed for both projects to be $18,731.15. Exhibit 6 shows that the total owed for the Oceanview project was $10,867.59, which includes $13,190.50 for labor and equipment. And Exhibit 7 shows that the total owed for the Milwaukee project was $7,863.56. Based on this evidence, a fair-minded rational person could believe that Bishop's unpaid charges for the work on both projects totaled $18,731.15, which includes $13,190.50 for labor and equipment on the Oceanview project.

The trial court's finding that Bishop's unpaid charges for work performed total $18,731.15, which includes $13,190.50 for labor and equipment on the Oceanview project, is supported by substantial evidence. Further, this finding supports the trial court's conclusion of law that Tucker owed Bishop $18,731.15. Accordingly, the trial court did not err by entering judgment for Bishop in the amount of $18,731.15.

B.    PREJUDGMENT INTEREST

Bishop argues that the trial court erred by failing to award prejudgment interest. We disagree.

We review prejudgment interest awards for an abuse of discretion. *Scoccolo Constr., Inc. v. City of Renton*, 158 Wn.2d 506, 519, 145 P.3d 371 (2006). A trial court abuses its discretion

when its decision is manifestly unreasonable, or based on untenable grounds or untenable reasons. *Trummel v. Mitchell*, 156 Wn.2d 653, 671, 131 P.3d 305 (2006).

An award of prejudgment interest is based on the principle that a party, "'who retains money which he ought to pay to another should be charged interest upon it.'" *Hansen v. Rothaus*, 107 Wn.2d 468, 473, 730 P.2d 662 (1986) (quoting *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 34, 442 P.2d 621 (1968)). A court may award a party prejudgment interest when the claimed amount is liquidated or when an unliquidated claim is otherwise determinable by reference to a fixed contractual standard, without reliance on opinion or discretion. *Id.* at 472. A claim is liquidated when the amount of prejudgment interest can be computed with exactness from the evidence, without reliance on opinion or discretion. *Forbes v. American Bldg. Maintenance Co. West*, 170 Wn.2d 157, 166, 240 P.3d 790 (2010). The fact that an amount is disputed does not render the amount unliquidated. *Id.*

Here, there was no contractual agreement between Bishop and Tucker fixing the contract amount. Rather, Bishop orally agreed to perform the work on a time-and-materials basis. Further, Bishop presented evidence of differing amounts owed for both the Oceanview and Milwaukee projects. And Bishop testified that he did not know where he made the mistake in his billings. Bishop also testified that the amounts calculated by his attorney were the correct balances at one point in his testimony, but at another point in his testimony, he stated that the amounts in his attorney's email were not correct according to his billings. Thus, the evidence shows that the amounts owed could not be computed with exactness without reliance on opinion or discretion. *See id.* Therefore, the claim is not liquidated.

Because the claim was unliquidated and the unliquidated claim was not determinable by reference to a fixed contractual standard, the trial court's denial of prejudgment interest was not based on untenable grounds or untenable reasons. Therefore, the trial court did not abuse its discretion by denying Bishop prejudgment interest on the amounts owed from the Tuckers.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Sutton, J.

_____
Cruser, J.